WALLACE HOWARD AND INGEBORG LEOPOLDINE BURTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Howard v. Commissioner
Docket Nos. 26477-88, 1412-89, 16599-89
United States Tax Court
T.C. Memo 1991-12; 1991 Tax Ct. Memo LEXIS 12; 61 T.C.M. (CCH) 1663; T.C.M. (RIA) 91012; January 15, 1991, Filed *12 Decisions will be entered under Rule 155. Wallace Howard Burton, pro se. J. Mack Karesh, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION These consolidated cases were heard pursuant to the provisions of section 7443A(b)(3). [1]
Respondent determined the following deficiencies in, and additions to, petitioners' Federal income tax: Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
1985
$ 1,981
-
-
-
1986
$ 4,161
-
$ 208
*
1987
$ 2,880
$ 892
-
-
*13 The issues for decision are (1) whether petitioners are entitled to certain deductions and credits claimed on their 1985, 1986, and 1987 Federal income tax returns; (2) whether petitioners failed to report income tax for 1985; (3) whether petitioners are liable for additions to tax pursuant to section 66453(a)(1) for 1986; and (4) whether petitioners are liable for an addition to tax pursuant to section 6651(a)(1) for 1987. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in DeSoto, Missouri, when they filed their petitions. Petitioners are cash method taxpayers with a taxable year ending December 31. On their 1985, 1986, and 1987 joint Federal income tax returns, petitioners claimed expenses relating to several properties they held for rent and investment. Petitioners also claimed various itemized deductions and income tax credits. Respondent disallowed a large portion of the deductions and credits for lack of substantiation. Deductions are a matter of legislative grace, and taxpayers bear the burden of establishing that they are entitled to any deductions claimed *14 on their return. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934); Deputy v. duPont, 308 U.S. 488, 493, 84 L. Ed. 416, 60 S. Ct. 363 (1940); Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). Generally, taxpayers are required to maintain sufficient records to substantiate claimed deductions and credits. See section 1.6001-1(a), Income Tax Regs. However, under certain circumstances, where a taxpayer has no records to substantiate claimed business deductions, we are permitted to estimate expenses when we are convinced from the record that the taxpayer has incurred some expenses. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In order to make an estimation, "there [must] be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was in fact spent or incurred for the stated purpose." Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957) (emphasis in original). Until the trier has that assurance from the record, relief to the taxpayer would be "unguided largesse." Williams v. United States, supra; Cohan v. Commissioner, supra at 544. Accord Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Thus, *15 we are not bound to accept the unverified, undocumented, and self-serving testimony of taxpayers. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Respondent also determined that petitioners failed to report $ 75 of income for 1985. He further determined that petitioners are liable for additions to tax under section 6653(a)(1) for negligent or intentional disregard of rules or regulations for 1986, and under section 6651(a)(1) for failure to timely file their 1987 Federal income tax return. Respondent's determinations are presumed correct and petitioners bear the burden of proving otherwise. Rule 142(a). We will combine the specific findings of fact and opinion for each issue. I. RENTAL EXPENSES A. Taxable Year 1985 Petitioners purchased real estate in Festus, Missouri, in July 1984 (Property A) and November 1985 (Property B), which they held solely for rental purposes. Petitioners rented Property A for nine months in 1985. They were unable to rent Property B during the almost two months they owned it in 1985. On Schedule E, Supplemental Income Schedule, attached to their 1985 Federal income tax return, petitioners *16 claimed rental expenses totalling $ 4,483.76 for Property A and $ 4,511.99 for Property B. Respondent disallowed the expenses in full for lack of substantiation. However, respondent apparently does not dispute that petitioners are otherwise entitled to deduct any substantiated expenses under section 212. Since a large portion of the numerous expenses claimed is for auto and travel, children's compensation, and depreciation, we will discuss these items separately. 1. Concessions At trial, respondent conceded that petitioners are entitled to $ 103 for insurance paid on Property B and to $ 150 for tree trimming charges paid in connection with Property A. Respondent further conceded that petitioners are entitled to a total for Property A and Property B, together, of $ 731.99 paid for supplies and materials during 1985. 2. Auto and Travel Petitioners claimed auto and travel expenses related to Property A and Property B of $ 882 and $ 237, respectively. They contend that these amounts represent costs expended in traveling to and from the rental properties during the year for various purposes. Petitioners have not presented travel logs or any other evidence to corroborate their *17 testimony regarding such trips. Therefore, they have failed to sufficiently substantiate the expenses. Sec. 274(d). Accordingly, we hold that they are not entitled to the auto and travel expenses claimed for 1985. 3. Children's Compensation Petitioners also claimed expenses of $ 1,350 for both Property A and Property B for "children's help." Petitioners contend that this item represents amounts paid for work performed at the properties by their 11-year-old son and 13-year-old daughter. The amounts primarily include money paid on behalf of the children for such things as dancing and judo lessons, and equity interests set aside for them in the rental properties. Based on the record, we find that petitioners have not established that they are entitled to the expenses claimed for "children's help." First, the equity interests allegedly allotted to the children are clearly not deductible, as these amounts do not constitute expenses paid during the year. Second, any amounts that were paid on behalf of the children appear to be expenses of petitioners which are personal in nature, and, therefore, are not deductible. Sec. 262(a). Lastly, petitioners cannot substantiate any other *18 compensation actually paid to the children for their work. Therefore, we sustain respondent's disallowance of the expenses claimed for "children's help." 4. Depreciation Petitioners claimed depreciation on Property A and Property B in the respective amounts of $ 458.14 and $ 777.20 for 1985. An attachment to petitioners' 1985 return reflects that they calculated these amounts by allocating 20 percent of the purchase price of each parcel to land and 80 percent to the structures on the land. Then, for each property, they multiplied the portion allocated to the buildings, and an amount for closing costs, by 6 percent. The attachment indicates that depreciation for both properties was calculated under the Accelerated Cost Recovery System. In addition to the amounts calculated as described above, petitioners computed and claimed depreciation on improvements allegedly made to Property A during 1985. At trial, petitioners produced a settlement statement from First America Title Insurance Company of Mid-America (First America) showing that they paid $ 15,500 for Property B. They did not present any such statement for Property A, but the attachment to their return states, and we *19 believe, that they paid $ 6,500 for the parcel in July 1984. However, petitioners have failed to substantiate the amounts listed as closing costs, as well as the amounts allegedly paid for improvements made to Property A. Therefore, petitioners are not entitled to include the closing costs or improvements as part of their depreciation expenses. Petitioners admit that the allocations of the purchase prices of the parcels to the buildings and land were estimates. They have not supplied any evidence establishing the correctness of the allocations. However, from the record, we do not find the estimates to be unreasonable and respondent has not asserted that a different allocation would be more accurate. Therefore, we will accept petitioners' allocation that 80 percent of the total value of the properties is attributable to the buildings located thereon. However, we do have difficulty accepting petitioners' final depreciation computations. Prior to 1981, section 167 allowed as a depreciation deduction a "reasonable allowance" for the exhaustion, wear, and tear of real property used in a trade or business based on its estimated useful life. However, as applicable here, section 168, *20 entitled "Accelerated Cost Recovery System" (ACRS), controls the amount deductible as depreciation for such property placed in service after December 31, 1980. In general, ACRS provides for the recovery of the cost of eligible property by the use of tables which reflect accelerated methods of depreciation over predetermined recovery periods. The recovery period for real property placed in service after March 15, 1984, and before May 9, 1985, was 18 years. The recovery period for real property placed in service after May 8, 1985, and before January 1, 1987, was 19 years. However, for 18-year real property and 19-year real property, taxpayers could elect straight line depreciation based on either an 18- or 19-year period, respectively, or a longer recovery period. Sec. 168 (b)(3). From the record, it is not clear what recovery period petitioners used in calculating depreciation on Property A and Property B. However, because they used a rate of 6 percent in 1986 and 1987, as well as 1985, we assume that they elected the straight line method. Also, petitioners have failed to establish that Property A was placed in service before April 1, 1985. Their Schedule E reflects that the *21 property was rented for nine months during 1985. However, it does not mention which nine months of the year the property was rented. Consequently, we find that Property A was placed in service on April 1, 1985, and, as such, is 18-year real property. Therefore, we hold that petitioners are entitled to depreciation for Property A under the straight line method option for 18-year real property. Petitioners purchased Property B on or about November 12, 1985. The property was in need of several repairs and petitioners were unsuccessful in renting it during the remainder of the year. Therefore, petitioners have failed to establish that Property B was placed in service during 1985. Accordingly, petitioners are not entitled to depreciation for Property B in 1985. 5. Other Expenses The settlement statement from First America for the purchase of Property B reflects that petitioners paid a loan origination fee of $ 500 (2 points), and city and county taxes of $ 4.19 and $ 17.09, respectively, during 1985. Respondent apparently does not dispute petitioners' classification of the loan origination fee as interest. Therefore, because we find this document to sufficiently substantiate *22 these expenses, we hold that petitioners are entitled to them, as claimed on their Schedule E. Petitioners also claimed mortgage interest paid during 1985 totalling $ 250 for Property A and $ 130 for Property B, as well as city and county taxes paid for Property A of $ 58.86 and $ 98.34, respectively. Although petitioners have not presented any documentation to substantiate these expenses for 1985, they have done so for 1986 and 1987, except with regard to city taxes paid on Property A. The documents submitted for those years, which are discussed below, do not indicate any amounts past due. Therefore, we find that petitioners made some mortgage interest and property tax payments for 1985. Based on this evidence, we estimate that petitioners paid mortgage interest with respect to Property A and Property B during 1985 in the amounts of $ 200 and $ 100, respectively. Cohan v. Commissioner, supra. We also estimate that petitioners paid county taxes of $ 96 on Property A during 1985. Cohan v. Commissioner, supra.However, we are unable to estimate any city taxes paid on Property A, and, therefore, sustain respondent's disallowance of this expense. With regard *23 to the remaining expenses claimed on Schedule E, petitioners have produced absolutely no evidence to corroborate their testimony that they were in fact paid in 1985. Nor have petitioners provided us with anything upon which we could estimate other expenses paid in connection with the rental properties during 1985. Accordingly, we find that petitioners are entitled only to the amounts set forth above. B. Taxable Year 1986 In November 1986, petitioners purchased another parcel of real estate (Property C) in Festus, Missouri, for rental purposes. On Schedule E, attached to their 1986 Federal income tax return, petitioners claimed rental expenses totalling $ 8,010 for Property A, $ 9,654 for Property B, and $ 1,623 for Property C. Respondent disallowed the expenses in full. Again, a significant portion of the numerous expenses claimed is for auto and travel, children's help, and depreciation. 1. Auto and Travel, and Children's Help For 1986, petitioners claimed auto and travel expenses of $ 1,341.90 for Property A, $ 1,367.10 for Property B, and $ 153.30 for Property C. Petitioners also claimed children's help expenses of $ 2,500 for both Property A and Property B, and *24 of $ 400 for Property C. Petitioners have not provided any evidence or explanation with regard to the expenses claimed for auto and travel and children's help for 1986 different from that for 1985. Therefore, we find it unnecessary to repeat our discussion regarding these expenses, and, for the same reasons set forth above, we hold that petitioners are not entitled to the claimed expenses. 2. Depreciation Petitioners claimed depreciation on Property A, Property B, and Property C of $ 617.55, $ 798.45, $ 169, respectively, for 1986. An attachment to their 1986 return reflects that petitioners calculated the amounts for all three properties in the same manner for which they calculated depreciation on Property A and Property B for 1985, as described above. Petitioners continued depreciating the improvements made to Property A in 1985. They also claimed depreciation on additional improvements made to Property A and Property B in 1986. However, as for 1985, petitioners have failed to substantiate that these improvements were actually made to the properties. They have also failed to substantiate the amount listed as closing costs for Property C. Therefore, we hold that petitioners *25 are not entitled to include these items as part of their depreciation expenses for 1986. With regard to Property A, we hold that petitioners are entitled to continued depreciation for 1986, consistent with our discussion set forth above for 1985. As stated above, although petitioners purchased Property B in November 1985, it was not placed in service for purposes of section 168 during that year. However, the attachment to their 1986 return indicates that Property B was rented from January through August, and for the month of December during 1986. Therefore, we find that Property B was placed in service on January 1, 1986, and, as such is 19-year real property. Accordingly, we hold that petitioners are entitled to depreciation for Property B under the straight line method option for 19-year real property. At trial, petitioners produced a settlement statement from First America for the purchase of Property C showing that they paid $ 18,500. Again, petitioners estimated that 80 percent of this amount, or $ 14,800, was allocable to the building on the land. As with Property A and Property B, we do not find this estimate to be unreasonable, and respondent has not asserted that *26 a different allocation would be more accurate. Therefore, we accept petitioners' allocation for Property C. Petitioners purchased Property C in November 1986, but did not rent the property during the remainder of the year. Therefore, they have failed to establish that Property C was placed in service during 1986. Consequently, petitioners are not entitled to depreciate Property C in 1986. 3. Other Expenses At trial, petitioners produced a mortgage loan statement from Commerce Bank of Jefferson County (Commerce Bank) reflecting interest of $ 119.17 paid during 1986. Petitioners also produced a mortgage statement from Centerre Bank of Crystal City (Centerre Bank) showing interest of $ 3,408.29, also paid during 1986. Petitioners contend that the $ 119.17 represents interest paid with respect to the mortgage on Property C, and that the $ 3,408.29 represents total interest paid with respect to the mortgages on Property A and Property B, $ 1,136.12 and $ 2,272.17, respectively. We find petitioners' testimony concerning the statements credible, and, therefore, hold that they are entitled to deduct these amounts as claimed on their 1986 Schedule E. Petitioners also produced statements *27 for 1986 evidencing that they paid county real estate taxes on Properties A and B of $ 96.03 and $ 125.13, respectively. Based on these statements, we hold that petitioners are also entitled to these amounts as claimed on their Schedule E. The settlement statement produced by petitioners from First America for the purchase of Property C reflects that petitioners paid $ 4.63 and $ 19.24 for city and county taxes, respectively, on Property C in 1986. Accordingly, we find that petitioners are entitled to these amounts, rather than the respective $ 5 and $ 15 claimed on their Schedule E. Petitioners also claimed city taxes of $ 69 for Property B. Although petitioners have not provided documentation for this amount, we estimate, based on the settlement statement submitted for the purchase of Property B in 1985, that petitioners paid city taxes of $ 25 in 1986 on Property B. Cohan v. Commissioner, supra. Petitioners have not substantiated any city tax payments made for Property A during 1986. With regard to the remaining expenses claimed on Schedule E, petitioners have failed to produce any evidence to substantiate that they were in fact paid in 1986. Nor have petitioners *28 provided us with anything further upon which we could estimate other expenses paid in connection with the rental properties during 1986. Accordingly, we find that petitioners are entitled to deduct only the amounts set forth above. We sustain respondent with regard to the remaining expenses. C. Taxable Year 1987 During 1987, petitioners continued to hold the three properties mentioned above as rental property. On Schedule E attached to their 1987 Federal income tax return, petitioners claimed rental expenses totalling $ 6,192.29 for Property A, $ 6,294.86 for Property B, and $ 8,707.43 for Property C. Respondent disallowed the expenses in full. As for 1985 and 1986, petitioners did not present any evidence to substantiate the expenses claimed for auto and travel in connection with the rental properties for 1987. The same is also true with respect to the deductions claimed for repairs, which constitute a very large portion of the total claimed expenses for 1987. Therefore, we hold that petitioners are not entitled to these expenses, and we sustain respondent's determination with regard to these items. Petitioners did not claim any expenses for children's compensation *29 for 1987. 1. Depreciation Petitioners claimed depreciation on Property A, Property B, and Property C of $ 679.48, $ 798.45, and $ 1,103, respectively. Petitioners calculated these amounts in the same manner described for 1985 and 1986. In addition to the depreciation claimed for the previous improvements to Property A and Property B, petitioners claimed depreciation on improvements made to Property A and Property C during 1987. However, as with the previous two years, petitioners have failed to substantiate that any of the improvements were actually made to the properties. Therefore, petitioners are not entitled to include any amount for the improvements as part of their depreciation for 1987. With regard to Property A, we hold that petitioners are entitled to depreciation for 1987, consistent with our discussion for 1985 and 1986. Petitioners are also entitled to depreciation on Property B for 1987, consistent with our discussion for 1986. As stated above, petitioners purchased Property C in November 1986, but did not place it in service during that year. In fact, an attachment to their 1987 return indicates that petitioners did not rent Property C until June 1987. Therefore, *30 we find that the property was placed in service on June 1, 1987. As applicable here, pursuant to changes made to section 201 (a), 100 Stat. 2121, residential rental property placed in service after December 31, 1986, has a recovery period of 27.5 years and is depreciable under the straight line method. Secs. 168(c), 168(b)(3)(B). Therefore, we hold that petitioners are entitled to depreciate the $ 14,800 allocated to the building on Property C as residential rental property with a recovery period of 27.5 years. 2. Other Expenses At trial, petitioners produced mortgage interest statements from Commerce Bank and Centerre Bank indicating that they paid interest of $ 1,382.18 with respect to Property C and interest totalling $ 3,221.67 with respect to the mortgages on Properties A and B, $ 1,073.91 and $ 2,147.76, respectively, during 1987. Petitioners also produced statements for 1987 evidencing that they paid county real estate taxes on Properties A, B, and C of $ 90.88, $ 124.96, and $ 130.64, respectively. Again, we find that these documents substantiate the expenditures, and, therefore, petitioners are entitled to these expenses as claimed on their Schedule E. Petitioners *31 also claimed city taxes of $ 30.80 for Property B and $ 32.80 for Property C. Petitioners have not provided documentation for these expenses for 1987. However, based on the settlement statement for the purchase of Property B submitted for 1985, we estimate that petitioners paid city taxes of $ 25 on Property B in 1987. Cohan v. Comissioner, supra. We also estimate, based on the settlement statement for the purchase of Property C submitted for 1986, that petitioners paid city taxes on Property C of $ 10 during 1987. Cohan v. Commissioner, supra.We are unable to estimate any city taxes paid on Property A for 1987, and, therefore, sustain respondent's disallowance of this item. Petitioners have again failed to produce any evidence to substantiate the remaining rental expenses claimed on Schedule E for 1987. Nor have petitioners provided us with anything further upon which we could estimate other expenses paid in connection with the rental properties during 1987. Accordingly, we find that petitioners are entitled to deduct only the amounts set forth above. We sustain respondent with regard to the remaining expenses. II. INVESTMENT PROPERTY During 1987, petitioners *32 attempted to sell two parcels of property (collectively referred to as Property D) which had been held for investment purposes since at least 1979. On Schedule E, petitioners claimed expenses totalling $ 152.93 paid in connection with Property D during 1987. Respondent disallowed the expenses in full. At trial, petitioners failed to produce any evidence to substantiate these expenses. Petitioners also failed to provide us with any means by which we might otherwise be able to estimate the expenses paid as a result of the property for 1987. Therefore, we sustain respondent's disallowance of the expenses claimed by petitioners for Property D during 1987. III. MISCELLANEOUS ITEMIZED DEDUCTIONS A. Taxable Year 1985 On Schedule A attached to their 1985 Federal income tax return, petitioners claimed a miscellaneous itemized deduction of $ 120.50 for "job needs." This deduction represents amounts allegedly spent by petitioner husband for safety work shoes, special hand soap used at work, and left-handed scissors also used at work. Petitioners also claimed a miscellaneous itemized deduction of $ 121.90 for "inspection trips to Potosi, MO." This amount represents expenses allegedly *33 incurred for traveling to inspect vacant land held for investment purposes since 1977. Respondent disallowed each deduction in full. At trial, petitioners did not present any evidence to substantiate either deduction. Therefore, we sustain respondent's determination and find that petitioners are not entitled to the claimed expenses. B. Taxable Year 1986 On Schedule A attached to their 1986 Federal income tax return, petitioners claimed miscellaneous itemized deductions of $ 145.70 for "job needs" and $ 173.30 for "inspection trips for lots for resale." Respondent disallowed both deductions in full. Apparently, these amounts represent the same type of miscellaneous expenditures claimed by petitioners for 1985. Petitioners have failed to provide substantiation for either expense. Therefore, for the same reasons discussed above, we sustain respondent. C. Taxable Year 1987 On Schedule A attached to their 1987 Federal income tax return, petitioners claimed a miscellaneous itemized deduction of $ 160 for "job needs." Respondent disallowed the entire deduction. Again, petitioners have failed to substantiate this deduction and we sustain respondent's determination. *34 IV. CHARITABLE CONTRIBUTIONS On Schedule A attached to their 1987 Federal income tax return, petitioners claimed a deduction for cash contributions of $ 1,220. Respondent disallowed the entire deduction. Petitioners have not produced any evidence, either to substantiate this amount, or to enable us to estimate contributions made during the year. Therefore, we sustain respondent's determination. V. RESIDENTIAL ENERGY CREDIT On Form 5695 attached to their 1985 Federal income tax return, petitioners claimed a residential energy credit of $ 150. Respondent disallowed the credit in full. Petitioners have failed to produce any documentation or explanation to refute respondent's determination. Therefore, we must sustain respondent and hold that petitioners are not entitled to the credit. VI. INVESTMENT TAX CREDIT A. Taxable Year 1985 On Form 3468 attached to their 1985 Federal income tax return, petitioners claimed an investment tax credit totalling $ 150 based on tools and a truck purchased in 1985 in connection with the rental property. Respondent disallowed the credit in full. Again, petitioners have failed to provide any evidence to substantiate the basis of *35 this credit. Therefore, we sustain respondent. B. Taxable Year 1986 On Form 3468 attached to their 1986 Federal income tax return, petitioners claimed an investment tax credit of $ 9.80. Respondent disallowed the credit in full. From the record, it is not clear what this credit represents, and petitioners have provided no evidence to substantiate the credit. Therefore, we sustain respondent's determination. VII. POLITICAL CONTRIBUTION CREDIT On their 1986 Federal income tax return, petitioners claimed a $ 100 income tax credit for political contributions made during the year. Respondent disallowed the credit in full. Petitioners have presented no evidence either substantiating or explaining the credit. Therefore, we sustain respondent. VIII. UNREPORTED INCOME Respondent determined that petitioners failed to report pension income of $ 45 and unemployment compensation of $ 30 received by petitioner husband as taxable income on their 1985 Federal income tax return. Petitioners did not dispute these determinations at trial and have not shown that they are incorrect. Therefore, we sustain respondent on the issue. IX. ADDITIONS TO TAX A. Section 6653 (a) *36 (1) Respondent determined additions to tax under section 6653(a)(1) for negligence or intentional disregard of rules or regulations for 1986. Petitioners have the burden of proving respondent's determination of the additions to tax is erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioners failed to keep adequate records of some of their expenses as required by section 6001 and have proved no sufficient legal justification for their failure to do so. Petitioners argue that they relied on their tax preparer to prepare their returns for all three years in issue. However, from the record, it is clear that petitioners fully understood every aspect of their returns. In fact, petitioners signed the returns alone. No preparer's signature appears on any of the returns. Consequently, respondent's determination with regard to the additions to tax provided by section 6653(a)(1)(A) and (B) is sustained. B. Section 6651 (a) (1)
Respondent also determined that petitioners are liable for an addition to tax pursuant to section 6651(a)(1) for 1987. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such *37 failure is due to reasonable cause and not due to willful neglect. Petitioners bear the burden of proof. Baldwin v. Commissioner, 84 T.C. 859, 870 (1985); Rule 142(a). A return made on the basis of the calendar year must be filed on or before the 15th day of April following the close of the calendar year. Sec. 6072. Section 6081(a) permits the Commissioner to grant a reasonable extension of time within which to file a return. Except for taxpayers who are abroad, no extension may be granted for more than six months. The first extension of four months is automatic upon the timely filing of a Form 4868. Sec. 1.6081-4, Income Tax Regs. The extension of time for filing the return does not also extend the time for payment of the tax, which must be paid in full upon the normal due date of the return. Sec. 1.6081-4(b), Income Tax Regs.
If an automatic extension has been requested, a taxpayer may seek additional extensions of time within which to file a return. Under section 1.6081- 1(b), Income Tax Regs., a taxpayer must file a written application either on Form 2688 or in a letter which is properly signed, which specifies the particular return for which the extension of time *38 for filing is desired, and which includes a full explanation of the reasons for requesting the extension. Consent is granted only upon reasonable cause, and is not granted if the sole reason for the delay is the taxpayer's own laxity. Here, petitioners attached to their 1987 Federal income tax return a Form 2688, Application for Additional Extension of Time to File, dated August 7, 1988. The Form 2688 states that petitioners were previously granted an extension to file until August 15, 1988, the automatic extension. It requested an additional extension until October 15, 1988, which was granted by the Commissioner on September 7, 1988. Petitioners filed their 1987 joint Federal income tax return on September 11, 1988. Respondent's arguments on this issue are not specific. He does not contend that the reasons petitioners provided on the Form 2688 were inadequate or untrue, thereby causing the additional extension to be granted erroneously. Rather, he asserts that petitioners are liable for the addition to tax simply because "there was no reasonable cause for their delinquency." Based on the record, we find that petitioners have established that they were properly granted an *39 extension to file their 1987 return beyond the date on which they actually filed the return. Therefore, we hold that petitioners are not liable for the addition to tax under section 6651(a)(1). Decisions will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩