UNITED STATES of America, Plaintiff,

v.

**Martin BLITSTEIN, et al., Defendants.**

**No. 86–62–CR.**

United States District Court,
S.D. Florida.

Sept. 19, 1991.

Ian Comisky, Philadelphia, Pa., for defendants.

David Axelrod, Fort Lauderdale, Fla., for plaintiff.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the Petition Of Northern Kentucky Bank and Trust For Disclosure Of Matters' Occurring Before The Grand Jury And Order Permitting David Kurash To Testify. The United States has filed a memorandum in opposition to the petition. Similarly, Paul Myers and Security Finance Group, Inc. have filed a joint memorandum in opposition. The petitioners have countered with a Reply. The petition is now ripe for disposition.

### Background

Northern Kentucky Bank & Trust (NKBT) has petitioned this Court to authorize the disclosure of certain documents submitted to the grand jury of this Court which returned an indictment in the case of the *United States v. Blitstein*, 86–62–CR–GONZALEZ. NKBT is a defendant and counterclaimant in a civil action pending in the United States District Court for the Eastern District of Kentucky, *Security Finance Group, Inc., et al. v. NKBT*, No. 83–159. NKBT seeks the documents for use in the Kentucky litigation. Specifically, NKBT requests that the Court permit it to review certain grand jury documents which reflect deposits and disbursements in the bank accounts of Paul J. Myers, Barry Deutschman, and Security Finance Group, Inc. and its affiliated entities. Security Finance Group, Inc. is the plaintiff and counterdefendant in the Kentucky case. Myers and Deutschman are the principals of Security Finance and were defendants in the Florida criminal case.

NKBT also petitions the Court to enter an order authorizing former IRS agent David Kurash to testify on matters previously investigated by him and submitted to the grand jury. Finally, NKBT asks the Court to transfer the petition to U.S. District Judge Joseph Hood in the Eastern District of Kentucky for consideration pursuant to Fed.R.Crim.P. 6(e)(3)(E).

### Discussion

As Federal Rule of Criminal Procedure 6(e) makes clear, there is a presumption against permitting the disclosure of matters occurring before the grand jury. *See* Fed.R.Crim.P. 6(e)(2). However, one of the exceptions to this general rule permits disclosure "when so directed by a court preliminarily to or in connection with a judicial proceeding...." Fed.R.Crim.P. 6(e)(3)(C)(i). A petition for disclosure pursuant to Rule 6(e)(3)(C)(i) is properly filed in the district where the grand jury convened. Fed.R.Crim.P. 6(e)(3)(D). However, if the judicial proceeding giving rise to the petition is in a federal district court in another district, "the court shall transfer the matter to that court unless it can reasonably obtain sufficient knowledge of the proceeding to determine whether disclosure is proper." Fed.R.Crim.P. 6(e)(3)(E). If the grand jury court decides to transfer the motion, "[t]he court shall order transmitted to the court to which the matter is transferred the material sought to be disclosed, if feasible, and a written evaluation of the need for continued grand jury secrecy." *Id.*

The Court's threshold inquiry here must be into the propriety of transferring the case to Judge Hood, who is presiding over the Kentucky litigation. The petitioner NKBT suggests that transfer is proper. NKBT respectfully suggests that the Kentucky litigation is quite complex and has been pending for a long time. For that reason, NKBT suggests that Judge Hood, because of his intimate knowledge of the facts of that case, would be better suited to assess the propriety of disclosure.

The United States and the plaintiffs in the Kentucky litigation each have filed a memorandum in opposition to the petition. They object to the Court transferring the motion because they believe that this Court can obtain sufficient knowledge of the Kentucky proceeding to determine whether disclosure is proper. The Kentucky plaintiffs also object to transfer on the ground that the U.S. District Court for the Eastern District of Kentucky lacks jurisdiction over the *Blitstein* case. They contend that NKBT's petition should have been filed as a separate civil case instead of as a motion in the closed criminal case.

The Court believes that transfer is appropriate in this instance. The Kentucky litigation appears to be rather complex. Federal Rule of Criminal Procedure 6(e)(3)(E) is designed for just such a scenario. It would be quite duplicative for this Court to waste its resources attempting to understand the Kentucky litigation solely to rule on this petition, especially where the federal rules allow the Court to transfer the petition in the name of judicial economy. The presiding judge in Kentucky is no doubt familiar with the facts of the civil case. Accordingly, the Court will transfer this petition to the United States District Court for the Eastern District of Kentucky on the ground that this Court cannot *reasonably* obtain sufficient knowledge of the Kentucky civil proceeding to determine whether disclosure of the grand jury documents is warranted.

The Kentucky plaintiffs' contention that the petitioners improperly filed this matter as a motion in a closed criminal case appears to be correct. *See In Re Grand Jury Investigation of Cuisinarts, Inc.,* 516 F.Supp. 1008 (D.Conn.1981). This defect is easily cured, however, by the Court directing the clerk of the court to convert the papers related to this petition into an independent proceeding and by giving that proceeding a civil docket number. The Court will direct the clerk to do exactly that.

As the Court has decided to transfer the petition, Rule 6(e)(3)(E) also requires the Court to provide the transferee court with a written evaluation of the need for continued grand jury secrecy. The reasons for protecting the secrecy of the grand jury include: (1) preventing the escape of persons against whom an indictment may be contemplated; (2) insuring the utmost freedom of deliberation to the grand jury; (3) preventing the subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear as witnesses at the trial; (4) encouraging free disclosure of information concerning the commission of a crime; and (5) protecting the innocent accused, who is later exonerated, from disclosure of the fact that he has been under investigation. *United*

*States v. Phillips,* 843 F.2d 438, 441 (11th Cir.1988).

The grand jury investigation at issue here has terminated. In fact, the criminal prosecutions spawned by the subject grand jury have been completed. Therefore, the United States District Court for the Eastern District of Kentucky is advised that the only considerations militating against disclosure are the possible effect disclosure would have on the functioning of future grand juries and the possibility that the grand jury materials include references to persons who were under investigation but were later exonerated.

Accordingly, having reviewed the petition and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The Clerk of the United States District Court for the Southern District of Florida is DIRECTED to assemble the papers related to the subject petition and then to convert those papers into an independent civil proceeding. The Clerk is further DIRECTED to assign that independent civil proceeding a civil docket number.

(2) Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E), the Petition of Northern Kentucky Bank and Trust For Disclosure Of Matters Occurring Before The Grand Jury And Order Permitting David Kurash To Testify is hereby TRANSFERRED to the United States District Court for the Eastern District of Kentucky for disposition.

(3) The Clerk of the United States District Court for the Southern District of Florida is DIRECTED to forward all papers related to the above-mentioned petition, including a copy of this order, to the United States District Court for the Eastern District of Kentucky.

(4) If feasible, the Clerk of the United States District Court for the Southern District of Florida shall forward to the clerk of the United States District Court for the Eastern District of Kentucky all documents submitted to the grand jury of this Court which returned an indictment in the case of

*United States v. Blitstein, et al.,* 86–62–
CR–GONZALEZ.

DONE AND ORDERED.