**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Paul M. PHILLIPS,
Defendant–Appellant**

No. 87–3040.

United States Court of Appeals,
Eleventh Circuit.

April 26, 1988.

Harrison T. Slaughter, Jr., Orlando, Fla., for defendant-appellant.

Paul J. Moriarty, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before VANCE and HATCHETT, Circuit Judges, and O'KELLEY *, District Judge.

O'KELLEY, District Judge:

In this appeal, Paul M. Phillips raises two challenges to his November 3, 1986 conviction for the offenses of failing to file income tax returns for the years 1979 and 1980 in violation of 26 U.S.C. § 7203. In his first challenge, Phillips contends that the district court erred in failing to grant his motion for judgment of acquittal on count one of the indictment because the six-year statute of limitations for failure to file a return pursuant to 26 U.S.C. § 6531(4) had lapsed at the time Phillips was initially indicted on May 6, 1986. Phillips also challenges the district court's denial of his motion to suppress information pursuant to Federal Rule of Criminal Procedure 6(e). That information was first obtained by the government in 1981 through a grand jury subpoena. The court affirms the district court's denial of Phillips' motion to suppress and reverses the district court's denial of Phillips' motion for acquittal as to count one of the indictment.

I.

On May 6, 1986, a federal grand jury returned a two count indictment against Phillips. Count one charged Phillips with tax evasion for the year 1979 and count two charged Phillips with tax evasion for the year 1980 in violation of 26 U.S.C. § 7201. On September 10, 1986, a superseding indictment was returned by the grand jury. That indictment retained the two tax evasion counts and amended the averments of false statements made to Internal Revenue Service (IRS) personnel by Phillips.

On October 6, 1986, the same day on which jury proceedings began in Phillips' trial, Phillips made an oral motion to suppress information first obtained by the government on October 13, 1981 under the auspices of a grand jury subpoena pursuant to Federal Rule of Criminal Procedure 6(e). The district court conducted an evidentiary hearing on this motion from October 9, 1986 until October 14, 1986. At the end of the suppression hearing, the district court ruled that there had been a technical violation of rule 6(e). By order of November 3, 1986, however, the district court modified its earlier oral ruling and found that there had been no violation of rule 6(e).

The facts pertaining to the alleged violation of rule 6(e) are rather complicated. The appellant does not dispute the facts as found by the trial court, appellant disputes only the trial court's conclusion that rule 6(e) was not violated.

The following facts were found by the trial court. On October 13, 1981, a grand jury subpoena duces tecum was issued to Loren K. Reynolds. Reynolds was under investigation for mail fraud. In exchange for immunity from prosecution and the providing of witness protection, Reynolds offered federal officials certain financial documents, including documents belonging to

* Honorable William C. O'Kelley, U.S. District Judge for the Northern District of Georgia, sitting by designation.

Phillips, that he had in his possession through his business, American Tax Planning Services, Inc. Fearing retaliation from the individuals whose records he planned to surrender, Reynolds requested that the documents be obtained through a grand jury subpoena.

The grand jury subpoena was served by Agent Warren Parks, a Volusia County, Florida Deputy Sheriff assigned to the narcotics task force. The district court found that at the time Parks delivered the grand jury subpoena, he believed that he and Susan Ericksen, an agent of the Florida Department of Law Enforcement, would be made agents of the grand jury or otherwise authorized to handle these documents. Assistant United States Attorney Joseph Urbaniak, who caused the grand jury subpoena to be issued to Reynolds, had given Parks such assurances.

Reynolds was scheduled to appear before the grand jury on October 27, 1982. Prior to his appearance, Urbaniak interviewed Reynolds and determined that Reynolds would not be a credible and candid witness. For that reason, Urbaniak decided not to present to the grand jury the documents obtained from Reynolds. Thus, the documents obtained from Reynolds were never presented to a grand jury.

Urbaniak then authorized Parks to submit the records to Ericksen at the Florida Department of Law Enforcement for analysis. Neither Ericksen nor Parks was informed of any obligation of secrecy under Federal Rule of Criminal Procedure 6(e)(2) and 6(e)(3)(B). While Ericksen retained the records, she allowed civil IRS agent Jack Knee to review the records at her home. In October of 1980, Knee was assigned to audit Phillips. The review of the records at Ericksen's home took place on November 9, 1981.

At the time Knee reviewed the documents at Ericksen's home, he was assigned to the civil enforcement side of the IRS, but was acting in a joint investigation, including a criminal narcotics investigation, related to his investigations of tax matters. Knee had no knowledge at the time he reviewed these records that the records were obtained pursuant to a grand jury subpoena. After reviewing the documents, Knee began a civil audit of Phillips. At that time, the IRS was already attempting to collect Phillips' taxes for 1979 and 1980 through a different division of the Service.

In June, 1982, Urbaniak received inquiries from Phillips and another person whose records were given to the government by Reynolds. Urbaniak informed Parks of the requests for these records. Parks told Reynolds that he would either return to him the documents that Reynolds had provided, or that Reynolds could sign a receipt allowing Parks to retain the documents. Reynolds signed the receipt allowing Parks to retain the documents. The documents were retained until he turned them over to IRS Agent Hawkins on October 25, 1983.

Based on these facts, the court found that rule 6(e) had not been violated. After careful review of the facts and the arguments presented by the parties, this court affirms the district court's finding on this issue.

■ The threshold question in this appeal is whether Phillips' records are "matters occurring before the grand jury." Federal Rule of Criminal Procedure 6(e) provides in pertinent part:

(2) **General Rule of Secrecy.** ... [A]n attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision *shall not disclose matters occurring before the grand jury,* except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule.

(3) **Exceptions.**

(A) Disclosure otherwise prohibited by this rule of *matters occurring before the grand jury,* other than its deliberations and the vote of any grand juror, may be made to—

(i) an attorney for the government for use in the performance of such attorney's duty; and

(ii) such government personnel ... as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

(B) any person to whom matters are disclosed under subparagraph (A)(ii) of this paragraph shall not utilize that grand jury material for any purpose other than assisting the attorney for the government in the performance of such attorney's duty to enforce federal criminal law.

(C) Disclosure otherwise prohibited by this rule *of matters occurring before the grand jury* may also be made—

(i) when so directed by a court preliminarily to or in connection with a judicial proceeding;

(ii) when permitted by a court at the request of the defendant ...

(iii) when the disclosure is made by an attorney for the government to another federal grand jury; or

(iv) when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law.

(emphasis added). Grand jury proceedings, both state and federal, have long been protected by a veil of secrecy. The secrecy of the grand jury is sacrosanct. The reasons for protecting the secrecy of the grand jury include: (1) preventing the escape of persons against whom an indictment may be contemplated; (2) insuring the utmost freedom of deliberation to the grand jury; (3) preventing the subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear as witnesses at the trial; (4) encouraging free disclosure of information concerning the commission of a crime; and (5) protecting the innocent accused, who is later exonerated, from disclosure of the fact that he has been under investigation. *Douglas Oil*

*Co. v. Petrol Stops Northwest*, 441 U.S. 211, 219 n. 10, 99 S.Ct. 1667, 1673 n. 10, 60 L.Ed.2d 156, 165 n. 10 (1979) (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 n. 6, 78 S.Ct. 983, 986 n. 6, 2 L.Ed.2d 1077, 1081 n. 6 (1958); *United States v. Rose*, 215 F.2d 617, 628–29 (3d Cir.1954)). Rule 6(e) strikes a balance between the need for grand jury secrecy and the competing need of disclosure of grand jury proceedings and information presented to the grand jury in situations in which the interest of justice demands disclosure.

The term "matters occurring before a grand jury" has been defined to include anything that will reveal what transpired during the grand jury proceedings. *In re Grand Jury Investigation*, 610 F.2d 202, 216–17 (5th Cir.1980); 8 J. Moore, *Moore's Federal Practice* para. 6.05[6] (2d ed. 1987). Therefore, only documents that reveal some secret aspect of the grand jury investigation should be subject to the restrictions of rule 6(e). In this case, the subpoenaed documents were never seen by the grand jury. Furthermore, the documents in question in no way indicated the pattern of the grand jury investigation or the deliberations of the grand jury. Therefore, the later release of those documents could not compromise the secrecy of the grand jury proceedings. The documents in question were not "matters occurring before a grand jury" and are not subject to the secrecy provisions of rule 6(e)[1]. Accordingly, the district court did not err in denying Phillips' motion to suppress.

## II.

Nine days after Phillips trial concluded, he filed a motion for judgment of acquittal as to count I of the complaint. Phillips asked the trial court to dismiss count I of the indictment due to the government's failure to comply with the applicable six-year statute of limitations period. 26 U.S. C. § 6531(4). The trial court denied Phillips' motion for acquittal.

Defendant Phillips and his wife filed an application for an automatic extension for

---

**1.** This court shares the district court's concern about the manner in which documents secured

under the auspices of a federal grand jury subpoena were handled in this case.

filing their tax return for the year 1979. The application was signed by the Phillips and Loren Reynolds, presumptively as their accountant, on April 15, 1980. The application was received by the IRS on May 17, 1980. There was no evidence presented about the postmark date on the envelope which contained the application for an extension.

The IRS denied the application for an extension. Barbara Lane, an IRS Court Research Coordinator, testified at Phillips' trial that the normal procedure when an application for an automatic extension is denied is for the IRS to notify the taxpayer that the extension is denied and give the taxpayer a ten-day grace period to file his return. (Tr. vol. 8 at 75–76). Accordingly, Phillips was notified that he had until May 21, 1980 to file his return.

█ The government contends, and the trial court found, that the statute of limitations for Phillips' failure to file his return for 1979 began to run on May 21, 1980. Thus, the trial court found that the first indictment returned against Phillips on May 6, 1986 was timely.[2] The district court erred in reaching this conclusion.

█ In the district court's order, the court first correctly found that, under the facts of this case, the statute of limitations was not tolled by Phillips allegedly giving false statements to the IRS. Phillips was not found guilty of making such false statements. Thus, any argument that the alleged false statements tolled the statute of limitations is without merit. The district court then found that the question became "whether an extension to file was allowed and whether this extension tolls the applicable statute of limitations." The district court erred in finding that there had been an extension granted to Phillips.

The Secretary of the Treasury (Secretary) has broad power to prescribe all need-ful rules and regulations for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a); *United States v. Vogel Fertilizer Co.*, 455 U.S. 16, 24, 102 S.Ct. 821, 826, 70 L.Ed.2d 792, 800 (1982). Section 6081 gives the Secretary power to grant reasonable extensions for filing any return. 26 U.S.C. § 6081(a). Pursuant to sections 7805(a) and 6081(a), the Secretary has prescribed a number of regulations dealing with extensions for filing tax returns both for individuals and corporations.

The regulations contained in 26 C.F.R. § 1.6081–4 provide for automatic extensions of time for filing individual income tax returns. The government argues that subsection (c) of that regulation gives the IRS the authority to grant a ten-day extension to the taxpayer for filing his tax return, even when the automatic extension has been denied. Subsection (c) provides only for the termination of an automatic extension. Thus, in order for the extension provisions of subsection (c) to apply to Phillips' return, Phillips must have first obtained a automatic extension.

In order for Phillips to acquire an automatic extension, he had to comply with these requirements: (1) file an application for an automatic extension on form 4868; (2) file the application on or before the date prescribed for the filing of his return; (3) provide all information requested on form 4868; and (4) remit with the form the payment of all unpaid tax liability for that year. 26 C.F.R. § 1.6081–4(a)(1)–(4). The evidence is undisputed that Phillips complied only with the first of the four requirements when he submitted his request for an extension. Thus, Phillips did not obtain, and the government does not contend that he obtained, an automatic extension of the time for filing his individual income tax return for the year 1979.

█ That regulation further provides that in "undue hardship" cases, an exten-

2. Although Phillips was initially indicted on May 6, 1980, a superseding indictment was brought on September 10, 1980, which made minor changes as to the false statements alleged to have been made by Phillips to IRS personnel. Although the September 10, 1980 indictment would clearly be barred by the statute of limita-tions, a superseding indictment that is brought while the first indictment is still validly pending cannot be barred by the statute of limitations unless it broadens charges made in the first indictment. *United States v. Grady*, 544 F.2d 598, 601–02 (2d Cir.1976).

sion of the time to file may be granted without the filing of an application for an automatic extension. 26 C.F.R. § 1.6081–4(a)(5). Neither the government nor Phillips has ever made a showing that Phillips was entitled to an automatic extension to file his return based upon "undue hardship."

> Subsection (c) provides in pertinent part: The district director ... may, in his discretion, terminate at any time an automatic extension by mailing to the taxpayer, or the person who requested such an extension for the taxpayer, a notice of termination. The notice shall be mailed at least 10 days prior to the termination date designated in such notice.

This court finds no merit in the government's argument that this provision gives the IRS the authority to grant an extension for ten days to a taxpayer for filing his tax return when an automatic extension was never obtained by that taxpayer. The only arguable authority for the IRS extension, in this case, is that it was the policy and procedure of the IRS to grant the taxpayer a grace period of ten days when it denied the taxpayers application for an automatic extension.

█ Statutes of limitations, both criminal and civil, are to be liberally interpreted in favor of repose. *United States v. Marion*, 404 U.S. 307, 322 n. 14, 92 S.Ct. 455, 464 n. 14, 30 L.Ed.2d 468, 480 n. 14 (1971); *United States v. Habig*, 390 U.S. 222, 227, 88 S.Ct. 926, 929, 19 L.Ed.2d 1055, 1059 (1968); *United States v. Scharton*, 285 U.S. 518, 522, 52 S.Ct. 416, 417, 76 L.Ed. 917 (1932). In the criminal law area, such an interpretation protects the defendants' right to be free from defending against overly stale criminal charges. As the Supreme Court observed in *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 161 (1970):

> The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to de-

fend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*See United States v. Marion*, 404 U.S. 307, 323, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 480 (1971).

█ Because Phillips did not make a valid and timely application for an extension to file his return for 1979, the six-year statute of limitations began to run for the offense of failing to file a return for that year on April 15, 1980. Thus, count one of the indictment filed on May 6, 1986 was barred by the statute of limitations. For that reason, the district court erred in denying Phillips' motion for judgment of acquittal as to count one.

AFFIRMED in part and REVERSED in part.