In re Robert K. GIDLEY and Nita M. Gidley, Debtors.

Robert K. GIDLEY and Nita M. Gidley, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 90–2290–BKC–3P7. Adv. No. 90–288.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 17, 1992.

B. Gray Gibbs, St. Petersburg, Fla., for plaintiffs.

Richard A. Resnick, Washington, D.C., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon complaint to determine the dischargeability of tax debts for the years 1982, 1983, 1984, and 1986 pursuant to 11 U.S.C. § 523(a)(1), as well as the validity and extent of a tax lien. A trial was held on October 22, 1991, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

*Findings of Fact*

Plaintiffs filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 12, 1990. In their schedules, plaintiffs listed the Internal Revenue Service ("IRS") as a creditor based on unpaid federal income tax liabilities for 1982, 1983, 1984, and 1986.

Plaintiffs received their discharge on September 28, 1990.

On November 13, 1990, plaintiffs filed this adversary proceeding. Defendant filed an answer conceding that all but the 1986 taxes were discharged. Thus, the issues remaining are the dischargeability of

the 1986 taxes and the validity and extent of any tax lien.

During the entire year of 1986 plaintiff Robert Gidley was employed by Aqua Sun Investments, Inc. (Aqua Sun), a company located in Ormond Beach, Florida.

Plaintiff Robert Gidley's wage and tax statement for 1986 indicated that he had earned $53,407.38 from Aqua Sun during the year and that $10.19 in federal income taxes were withheld.

Plaintiffs filed their 1986 joint return on September 10, 1987. On the return the only income reported consisted of the wages from Aqua Sun and $1,147 in real estate sales. The return was prepared by Charles W. Stewart, a certified public accountant.

Prior to filing the return, plaintiffs made no estimated tax payments relating to the 1986 tax liability, and no overpayments from previous years were applied to such liability.

The 1986 tax return was originally due on April 15, 1987. However, despite plaintiffs' contention to the contrary, the facts support that an extension was granted, giving the plaintiffs until August 15, 1987, to file the return.

Defendant does not have a copy of the application for extension filed by plaintiffs for 1986. However, several factors establish that plaintiffs did file the application.

The records of the IRS reflect that the extension was timely filed prior to April 15, 1987.

The IRS, after receiving an application for automatic extension, inputs the information from the application into its computer. The taxpayer is then required to attach a copy of the extension to the tax return.

The IRS records indicate that plaintiffs applied to the IRS for extensions for each of the years 1984, 1985, and 1986. No late filing penalties were assessed against plaintiffs for the periods extended in each of those years.

In addition, Charles W. Stewart, the certified public accountant who prepared plaintiffs' 1986 return, testified that in 1987, before preparing the return, he asked plaintiff Robert Gidley if an extension had been filed. Plaintiff Robert Gidley replied that he had filed such an application.

Moreover, attached to plaintiffs' 1986 income tax return was a statement on Mr. Stewart's letterhead claiming that plaintiffs had filed for an extension. It specifically provided:

Gentlemen:

Our client states that he did file a timely extension for 1986, however, he did not keep a copy to be attached to the return. Please check your records for timely filing of an extension before applying any penalties.

On September 7, 1987, plaintiffs signed the 1986 tax return under the penalties of perjury, and declared that they had examined the return and the accompanying schedules and statements, and that to the best of their knowledge and belief, the return and accompanying documents were true, correct, and complete.

Plaintiff Robert Gidley testified that neither he nor his wife had ever filed themselves or authorized anyone to file on their behalf an application for extension regarding the 1986 tax return. The Court does not believe plaintiff Robert Gidley to be a credible witness and finds that the balance of the evidence indicates that an application for extension to file the 1986 return was filed and granted.

Plaintiffs claimed personal property having a value of $2,000 as exempt in their bankruptcy schedules. The trustee objected to the exemptions, alleging that the property had a value greater than $2,000.

By order dated April 15, 1991, this Court sustained the trustee's objection. The order permitted the plaintiffs to retain $2,000 of exempt property and to purchase the remaining non-exempt personal property from the estate for $2,000.

### Conclusions of Law

A. Dischargeability of the 1986 Income Taxes

Under § 523(a)(1) an individual's liability for certain taxes are excepted from discharge. Section 523(a)(1)(A) provides:

(a) A discharge under … this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

Section 507(a)(7)(A)(i) provides:

(a) The following expenses and claims have priority in the following order:

.    .    .    .    .

(7) Seventh, allowed unsecured claims of governmental units; only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition.

Plaintiffs have been assessed a federal income tax liability in the amount of $12,-603.83 for the year of 1986. Their 1986 income tax return was initially due on April 15, 1987; however, plaintiffs were granted an automatic extension that extended the due date to August 15, 1987. The plaintiffs filed a chapter 7 petition on June 12, 1990. Therefore, the 1986 income tax return was last due within three years before the bankruptcy cases was filed. Consequently, the claim of the United States for the unpaid 1986 federal income taxes is a seventh priority claim and excepted from discharge under sections 523(a)(1)(A) and 507(a)(7)(A)(i). *See In re Wood*, 866 F.2d 1367 (11th Cir.1989).

Plaintiffs claim that if the Court finds that they did file the application for extension for 1986, then such extension is void and invalid because plaintiffs did not submit a reasonable estimate of their tax liability with the extension. If plaintiffs are able to invalidate the extension, then the 1986 tax liability would be dischargeable.

In *Phillips v. United States*, 843 F.2d 438 (11th Cir.1988), the Eleventh Circuit found that because Phillips had not made a valid and timely application for extension, the statute of limitations for failing to file a return had not been tolled. Thus, the time period began to run on April 15, 1980, and the indictment filed on May 6, 1986, was not timely filed. *Id.* at 442.

In the present case, plaintiffs argue that because they failed to remit a reasonable estimate of their taxes with the extension application, as in *Phillips*, the extension is *void ab initio*. In *Phillips*, however, the IRS took affirmative steps to deny the taxpayer's extension, specifically notifying him that the application had been denied. The case at bar differs from *Phillips* in that the plaintiffs were never notified by the IRS that their 1986 extension had been denied.

The actual application form for requesting an automatic extension lists several general instructions. One instruction specifically states that the IRS will notify the taxpayer *only* if the request for an extension is denied. Again, plaintiffs received no such notice from the IRS with regards to the 1986 extension. *See also Eastman Machine Co. v. United States*, 841 F.2d 469, 474 (2d Cir.1988) (One factor in determining whether the IRS had granted an extension was the fact that the IRS had never informed the taxpayer that the request was denied.).

Thus, the evidence indicates that plaintiffs filed a timely application for extension of time to file their 1986 tax return and such request was granted. The extension was not void and plaintiffs cannot invalidate such extension. The deadline for filing plaintiffs' 1986 tax return, having been extended until August 15, 1987, was within three years of the filing of the bankruptcy petition. Consequently, the $12,603.83 due to defendant for 1986 taxes, penalties, and interest must be excepted from plaintiffs' discharge.

### B. Validity and Extent of Federal Tax Liens

█ Defendant perfected its lien on plaintiffs' property by recording a Notice of Federal Tax Lien. The tax lien continued to attach to plaintiffs' exempt property to the extent of the value of such property

at the time the bankruptcy petition was filed. However, the lien did not attach to after-acquired property of the plaintiffs. *In re Braund,* 423 F.2d 718 (9th Cir.) *cert. denied, United States v. McGugin,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970).

Thus, the property acquired by plaintiffs from the trustee at a private sale was after-acquired property to which the tax lien does not attach. As of the petition date, plaintiffs claimed property as exempt having a total value of $2,000. Accordingly, defendant's lien has a value of $2,000.

A separate final judgment in accordance with these Findings of Fact and Conclusions of Law will be entered.