**In re Phillip VIEGO, Debtor**

**Bankruptcy No. 96–05498–8–ATS.**

United States Bankruptcy Court,
E.D. North Carolina.

July 8, 1997.

Stephen G. Inman, Singleton, Murray, Craven & Inman, Fayetteville, NC, for Debtor.

Trawick H. Stubbs, Jr., Stubbs & Perdue, P.A., New Bern, NC, Chapter 13 Trustee.

Bruce C. Johnson, Assistant U.S. Attorney, Raleigh, NC.

### ORDER DENYING OBJECTION TO CLAIM OF IRS

A. THOMAS SMALL, Chief Judge.

The matter before the court is the objection filed by the chapter 13 debtor, Phillip Viego, to the claim of the Internal Revenue Service. Mr. Viego contends that the IRS's claim for 1990 income taxes was discharged in his prior chapter 7 case, but the IRS maintains that the debt is nondischargeable under 11 U.S.C. § 523(a)(1)(A) because the debtor's time for filing his 1990 tax return, including a four-month extension claimed by the debtor, was within three years of the filing of the debtor's chapter 7 petition. A hearing was held in Raleigh, North Carolina on July 1, 1997. The objection will be denied.

Mr. Viego filed a voluntary petition under chapter 7 of the Bankruptcy Code on June 1, 1994, listed his obligations to the IRS for 1989 and 1990 income taxes as non-priority, dischargeable tax debts, and received his chapter 7 discharge on September 28, 1994. Subsequently, the IRS informed the debtor that because it believed that his 1990 tax debt was nondischargeable, the IRS would take immediate collection action. Mr. Viego filed this chapter 13 case on November 1, 1996, primarily to have his 1990 tax obligation determined to be dischargeable.

Both parties agree that the key issue is the effect of the four-month extension of time for filing that Mr. Viego requested for his 1990 income tax return. The debtor argues that the extension was not valid and that the time for filing his 1990 tax return was April 15, 1991, more than three years before the filing of his chapter 7 petition on June 1, 1994. The IRS maintains that while it could have denied Mr. Viego's extension request, the extension was in fact granted and that the deadline for filing the debtor's 1990 tax return was August 15, 1991, within three years of Mr. Viego's chapter 7 petition.

11 U.S.C. § 523(a)(1)(A) excepts from discharge unsecured claims for income tax debts for prepetition tax years "for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]" 11 U.S.C. § 507(a)(8)(A)(i) (referenced by § 523(a)(1)(A)). Consequently, the effect of the debtor's extension of time to file his 1990 return will determine whether the 1990 taxes were due within the three-year period provided by § 523(a)(1)(A).

In 1991, Mr. Viego applied for the "automatic" four-month extension to file his 1990 income tax return pursuant to Treasury Regulation § 1.6081–4. The regulation provides that an individual taxpayer "shall be allowed an automatic 4–month extension of time to file such return ... *only if* the requirements contained in subparagraphs (2), (3), and (4) of this paragraph are met." Treas.Reg. § 1.6081–4(a)(1) (as amended in 1983) (emphasis added). There is no dispute that Mr. Viego did not meet the requirement, set out in subparagraph (4) of the regulation, that he estimate the tax due under the return to which the extension application relates and include payment of that estimate with his application for the extension.

 Subparagraph (5) of the regulation provides that "[u]pon the timely filing of [an extension application], properly prepared, and accompanied by remittance of the full amount of the estimated unpaid tax liability, the 4–month ... extension shall be considered as allowed." The debtor argues that the plain meaning of the regulation's language allows the IRS to grant these automatic extensions "only if" the regulation's other requirements, including the payment of the estimated tax debt, are met. According to the debtor this interpretation is supported by tax court decisions holding that the failure to estimate the tax liability or improper estimation of the liability can render the taxpayer's application invalid and cause any automatic extension the taxpayer received to be void. *Crocker v. Commissioner*, 1989 WL 45940, 92 T.C. 899 (1989). However, these cases involve tax court determinations of penalties rather than bankruptcy court determinations of dischargeability, and the cases are distinguishable. Clearly, since Mr. Viego did not comply with the requirements of the regulation, the extension was not automatic. But the IRS was not precluded from granting an extension, and an extension to August 15, 1991, was in fact granted to Mr. Viego by the IRS. Consequently, Mr. Viego's taxes for 1990 were not due until August 15, 1991, less than three years before Mr. Viego's chapter 7 petition in June of 1994. *See Gidley v. United States (In re Gidley)*, 138 B.R. 298, 300 (Bankr.M.D.Fla.1992).

Accordingly, the debtor's obligation to the IRS for his 1990 income taxes is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A) and the debtor's objection to the claim of the IRS is **DENIED.**

**SO ORDERED.**