**In re Brad David HERMANN and Sherrie Lynn Hermann, Debtors.**

**Brad David HERMANN and Sherrie Lynn Hermann, Plaintiffs,**

**v.**

**The UNITED STATES of America, acting through the Internal Revenue Service, and the State of Oklahoma, acting through the Oklahoma Tax Commission, Defendants.**

Bankruptcy No. 97–02924–M.
Adversary No. 97–0284–M.

United States Bankruptcy Court, N.D. Oklahoma.

July 7, 1998.

Mark A. Craige, Tulsa, OK, for Plaintiffs.

Phyllis Jo Gervasio, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM OPINION

TERRENCE L. MICHAEL, Bankruptcy Judge.

THIS MATTER comes before the Court pursuant to the Complaint to Determine Dischargeability filed by Brad David Hermann and Sherrie Lynn Hermann ("Debtors" or "Plaintiffs") against the United States of America, acting through the Internal Reve-

nue Service (the "IRS") and the State of Oklahoma, acting through the Oklahoma Tax Commission (the "OTC").[1] The IRS filed its Answer on September 17, 1997. On March 13, 1998, Debtors and the IRS filed their stipulation of facts (the "Stipulation"). The IRS filed its Motion for Summary Judgment and Brief in Support (the "IRS Motion") on April 14, 1998. Plaintiffs filed their Motion for Summary Judgment and Supporting Brief ("Plaintiff's Motion") on April 20, 1998. At that point in time the matter was taken under advisement. The following findings of fact and conclusions of law are made pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b),[2] and venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a). This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I).

### Burden of Proof

The burden of proof in this action is upon Debtors to establish the elements under 11 U.S.C. § 523(a)(1) by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 287–88, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

### Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in this proceeding by Fed. R.Bank.P. 7056. The United States Court of Appeals for the Tenth Circuit has ruled that "[e]ntry of summary judgment is mandated, after an adequate time for discovery and upon motion, 'against a party who fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

---

1. All issues relating to the OTC have been resolved by stipulation of the parties.

2. Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (West 1998).

proof at trial.' " *Aldrich Enterprises, Inc. v. United States,* 938 F.2d 1134, 1138 (10th Cir.1991), *rehearing denied,* October 4, 1991 (citation omitted); *accord, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate if the facts set forth by the movant are properly supported with admissible evidence and the facts affirmatively show that the movant is entitled to judgment on those facts as a matter of law. *See* Fed.R.Civ.P. 56(e).

### Findings of Fact

The parties have stipulated to the following facts:

1. At issue are federal income taxes owed for calendar year 1993. The amount at issue is approximately $11,788.00.

2. The Form 1040 federal income tax return filed by the Debtors for calendar year 1992 (the " 1992 Return") reflected that Debtors owed additional tax to the IRS for that year in the amount of $15,-835.00.

3. Prior to April 15, 1994, Debtors had received an IRS Form 1099 Misc. which reflected compensation paid to Brad Hermann, one of the Debtors, for calendar year 1993 in the amount of $79,791.00.

4. With regard to the $79,791.00 in income described in paragraph 3 above, no federal income tax had been withheld and no estimated payment of income taxes had been made.

5. On April 15, 1994, Jeffrey T. Showalter, a Certified Public Accountant ("Showalter"), filed a form entitled "Form 4868" on behalf of the Debtors, seeking an extension of time for the Debtors to file their 1993 individual income tax return with the IRS on or before August 15, 1994. On the form, Debtors estimated their additional federal income tax liability for 1993 to be zero. Debtors submitted no funds to the IRS at the time they filed the form.

6. On June 17, 1994, Showalter completed Debtors' 1993 Form 1040 federal income tax return (the "1993 Return"). The 1993 Return reflected additional income tax due from Debtors to the IRS in the amount of $11,314.00 (the "1993 Taxes"). The 1993 Return was filed with the IRS on July 5, 1994. The IRS filed an assessment with respect to said taxes on August 8, 1994.

7. Debtors filed their petition in this case on June 25, 1997. Other than the assessment of taxes described in paragraph 6 above, no additional assessments have been made against Debtors by the IRS.

8. The taxes described in paragraph 6 above are not the subject of a fraudulent return or a willful attempt to evade or defeat such tax.

In addition to the written stipulation of facts, Debtors and the IRS provided to the Court copies of the 1992 Return, the 1993 Return and the Form 4868 request for extension. The Court has reviewed each of these items in the process of rendering a decision. Both Debtors and the IRS have indicated that these facts provide a sufficient basis for a ruling in their favor.

To the extent the "Conclusions of Law" contain any items which should more appropriately be considered "Findings of Fact," they are incorporated herein by this reference.

### Conclusions of Law

■ At issue is the dischargeability of income taxes owed to the IRS by Plaintiffs for the tax year 1993. In order to resolve the issue, the Court must determine whether Plaintiffs' 1993 tax return was due on April 15, 1994, the date such return would have ordinarily been due, or August 15, 1994, the date the return would have been due if Debtors were given an extension. Debtors filed this bankruptcy case on June 25, 1997. The IRS argues that Plaintiffs received an extension to file their 1993 tax return until August 15, 1994, which would render the 1993 Taxes non-dischargeable. Debtors counter with the argument that the extension which they sought was void *ab initio,* and that, as a result, the tax return for calendar year 1993 was due on April 15, 1994, a date more than three years prior to the filing of this case, which would render the taxes dischargeable.

Pursuant to § 523(a)(1)(A) of the Bankruptcy Code, tax liabilities "of the kind and for the periods specified in section 507(a)(2)

or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed" are not dischargeable. § 523(a)(1)(A). Section 507(a)(8)(A) reads as follows:

(a) The following expenses and claims have priority in tile following order:

. . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

§ 507(a)(8)(A)(i). Reading these two sections together, if a tax return was due less than three years prior to the filing of a bankruptcy case, the taxes set forth in said return are not dischargeable. If an extension to file the tax return has been granted, it is that date, and not the original date the return was due, which is used to calculate the three year period. *See In re Wood,* 866 F.2d 1367 (11th Cir.1989) (upholding constitutionality of using extension date to determine dischargeability of taxes under § 523(a)(1)(A)).

Debtors sought an extension of time to file their 1993 federal income tax return using the procedure established by the following regulations:

**1.6081–4 Automatic extension of time for filing individual income tax returns.**

(a) In general—(1) Period of extension. An individual who is required to file an individual income tax return will be allowed an automatic 4–month extension of time to file the return after the date prescribed for filing the return provided the requirements contained in paragraphs (a)(2), (3), and (4) of this section are met. In the case of an individual described in § 1.6081–5(a)(5) or (6), the automatic 4–month extension will run concurrently with the extension of time to file granted pursuant to § 1.6081–5.

(2) Manner for submitting an application. An application must be submitted—

(i) On Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return; or

(ii) In any other manner as may be prescribed by the Commissioner.

(3) Time and place for filing application. Except in the case of an individual described in § 1.6081–5(a)(5) or (6), the application must be filed on or before the date prescribed for filing the individual income tax return. In the case of an individual described in § 1.6081–5(a)(5) or (6), the application must be filed on or before the expiration of the extension of time to file granted pursuant to § 1.6081–5. The application must be filed with the Internal Revenue Service office designated in the application's instructions.

(4) Proper estimate of tax. An application for extension must show the full amount properly estimated as tax for the taxable year.

(5) Coordination with § 1.6081–1. Except in undue hardship cases, no extension of time for filing an individual income tax return will be granted under § 1.6081–1 until an automatic extension has been allowed pursuant to the provisions of this paragraph (a).

Treas.Reg. § 1.6081–4 (1996). Extensions granted under these regulations are "automatic." The IRS is not required to give formal notice of the granting of the extension. The extension is deemed granted unless the IRS notifies the taxpayer to the contrary. Two key elements in the extension process are that: (1) the taxpayer must "properly" estimate the tax he or she believes is due; and (2) the amount so estimated must be paid when the extension is applied for. Plaintiffs argue that, as a result of their zero estimate of tax due, they failed on both counts. The Court is unconvinced for three separate reasons.

First of all, the parties have stipulated that the taxes at issue "are not the subject of a fraudulent return or a willful attempt to evade or defeat such tax." *Stipulation,* Paragraph 9. Notwithstanding the same, Plaintiffs argue that

The 1993 income tax return was completed by Mr. Showalter on June 17, 1994. The

return reflected additional tax due of $11,788.00. It was filed with the Internal Revenue Service on August 8, 1994. The 1993 Form 1040 was due April 15, 1994, and would be delinquent after such date unless a **valid** extension had been filed. It is evident that Mr. and Mrs. Hermann, as well as their tax preparer, Jeffrey T. Showalter, had, at the time the estimate was made, information that would discredit the amount of zero that was entered on line 1 of Form 4868. The prior year's tax return (1992) reflected additional tax due in the amount of $15,835. See Exhibit "A" to the Joint Stipulation and attached hereto. The 1992 tax return was very much like the 1993 tax return-both had self-employment income reflected on Form 1040, Schedule "C," of $53,877.00, and $51,441.00, respectively. Both the Hermanns and the accountant were well aware of the fact that their self-employment income was not subject to federal income tax withholding, and that no estimated tax payments were made. The CPA certainly knew that self-employment in come [sic] is subject to income tax and self-employment tax and therefore, the Debtors would owe tax for 1993 at the time the Form 4868.

*Plaintiff's Motion*, p. 5 (emphasis in original). There is no evidence in the record as to what Plaintiffs and/or Showalter knew at the time the request for extension was filed, except for the parties' stipulation regarding lack of fraudulent intent. Debtors' argue that the zero estimate was so far afield they must have known better. The Court finds this argument contrary to the Stipulation and rejects it.[3]

In addition, the Court rejects the argument that the IRS did not grant the requested extension, or that the extension was void *ab initio*. In this regard, the Court adopts the analysis set forth by Judge Small in *In re Viego*, 80 A.F.T.R.2d 97–5994, 1997 Bankr.LEXIS 1191 (Bankr.E.D.N.C.1997):

Subparagraph (5) of the regulation provides that "upon the timely filing of [an extension application], properly prepared, and accompanied by a remittance of the full amount of the unpaid tax liability, the 4–month ... extension shall be considered as allowed." The debtor argues that the plain meaning of the regulation's language allows the IRS to grant these automatic extensions "only if" the regulation's other requirements, including the payment of the estimated tax debt, are met. According to the debtor this interpretation is supported by tax court decisions holding that the failure to estimate the tax liability or improper estimation of the liability can render the taxpayer's application invalid and cause any extension the taxpayer received to be void. *Crocker v. Commissioner*, 92 T.C. 899, 1989 WL 45940 (1989). However, those cases involve tax court determinations of penalties rather than bankruptcy court decisions of dischargeability, and the cases are distinguishable. Clearly, since Mr. Viego did not comply with the requirements of the regulation, the extension was not automatic. But the IRS was not precluded from granting an extension, and an extension was in fact granted to Mr. Viego by the IRS. Consequently, Mr. Viego's taxes for 1990 were not due until August 15, 1991, less than three years before Mr. Viego's chapter 7 petition in June of 1994. *See Gidley v. United States (In re Gidley)*, 138 B.R. 298, 300 (Bankr. M.D.Fla.1992).

*Id*, at *3–4. The record is silent as to whether the IRS ever notified the Debtors that their extension had been denied. The form requesting the extension contains the following provision:

**Caution:** You **MUST** enter an amount on line 1 [estimated total tax liability] or your extension will be denied. You can estimate this amount, but be as exact as you can with the information you have. If we

---

3. Debtors cannot have it both ways. They cannot have a "pure heart" if they knew or should have known that a zero estimate was incorrect. The request for extension was signed under penalty of perjury. The willful failure to properly estimate and/or pay income tax is a crime. I.R.C. §§ 7203, 7206(1). Furthermore, the rec-

ord establishes that the extension was sought on behalf of Plaintiffs by their Certified Public Accountant. If he knew that the request for extension was not supported by the proper factual basis (i.e. that the estimate of zero liability was patently wrong), he could also be subject to criminal liability. I.R.C. § 7206(2).

later find that your estimate was not reasonable, the extension will be null and void.

The Court believes that the "we" referred to in this section is the IRS, and not the Plaintiffs. There is no evidence that the IRS ever made a finding that the estimate was not reasonable. The record indicates that the IRS accepted Debtors' 1993 tax return on July 5, 1994, without protest or comment.[4]

■ Finally, the Court does not find the position taken by the Debtors to be equitable. Having previously obtained the benefit of the extension, they cannot now escape its burden. In this regard, the Court finds the following reasoning persuasive:

> In *United States v. Lambrakis*, 1994 WL 544289 (E.D.N.Y. Sept. 27, 1994), the taxpayer was indicted for willfully failing to file a personal income tax return. In order to have the charge dismissed as untimely, the taxpayer asserted that his original application for an automatic filing extension was a nullity because he failed to estimate properly and reasonably his tax liability. The district court rejected the taxpayer's argument stating:
>
>> With respect to the statute of limitations in a criminal prosecution, it is not within the province of the taxpayer to make a unilateral determination of whether a bona fide estimate of tax liability was made. The defendant ... applied for and received a four month extension of time to file his income tax return. He cannot now step forward to make the self-serving admission of a fraud in estimating his tax liability, and thereby void the automatic extension, in order to establish a statute of limitations defense to his criminal prosecution for failing to file.
>
> *Id.* at *2. The court also found that "under IRS regulations, the application for an extension is terminable, not void, at the discretion of the IRS, not the taxpayer." *Id.* (*citing* 26 C.F.R. § 1.6081–4(c) (1994)). The *Lambrakis* holding is persuasive. Section 1.6081–4(c) provides that the district director or the director of a service center may, "in his discretion, terminate at any time an automatic extension by mailing to the taxpayer, or the person who requested such extension, a notice of termination." 26 C.F.R. § 1.6081–4(c) (1997). The regulation reasonably infers that only the IRS has the option to declare an extension void. Furthermore, it would be inequitable to declare the extensions invalid after Debtor benefitted from them.

*In re Brustman*, 217 B.R. 828, 835 (Bankr. C.D.Cal.1997). Debtors sought the extensions and obtained the benefits of the same, whatever those benefits may have been. It would be unfair to allow the Debtors to disclaim their prior conduct, and discharge their tax liability.

### Conclusion

Plaintiffs' Motion for Summary Judgment is denied. The IRS' Motion for Summary Judgment is granted. The 1993 Taxes are not dischargeable.

A separate judgment is entered concurrent with this memorandum opinion.

### *JUDGMENT*

THIS MATTER comes before the Court pursuant to the Complaint by Brad David Hermann and Sherrie Lynn Hermann against the United States of America, acting through the Internal Revenue Service. The issues having been duly considered and a decision having been duly rendered, for the reasons set forth in the memorandum opinion filed concurrently herewith,

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Brad David Hermann and Sherrie Lynn Hermann be, and the same hereby is, denied.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by the United States of America, acting through the Internal Revenue Service be, and the same hereby is, granted.

IT IS FURTHER ORDERED that the debt owed to the United States of America,

---

**4.** The 1993 Return does indicate that Debtors owe a tax penalty of $474.00. No explanation of the statutory basis for the penalty has been provided to the Court, and the Court will make no presumptions regarding its basis.

acting through the Internal Revenue Service by Brad David Hermann and Sherrie Lynn Hermann for taxes for calendar year 1993 as set forth in the Complaint filed herein be, and the same hereby is, not discharged.