In re MCDERMOTT, Robert H. and McDermott, Joan T., Debtors.

United States of America, Appellant,

v.

McDermott, Robert H. and McDermott, Joan T., Appellee.

No. 3:01–CV–1387–J–20.

United States District Court, M.D. Florida, Jacksonville Division.

Sept. 10, 2002.

Bruce T. Russell, Department of Justice, Washington, DC, for appellant.

Edward P. Jackson, Jackson & Mason, PA, Jacksonville, FL, for appellees.

### OPINION AND ORDER

SCHLESINGER, District Judge.

The United States is appealing the Bankruptcy Court's Order determining

that the McDermotts' 1996 income tax obligation was discharged by their bankruptcy. Before the Court is Appellant United States of America's Initial Brief (Doc. No. 5, filed on January 14, 2002) and the Appellees' Answer Brief filed by Robert H. McDermott and Joan T. McDermott (Doc. No. 9, filed on February 14, 2002).

## I. *Jurisdiction and Standard of Appellate Review*

■ This Court has jurisdiction pursuant to 28 U.S.C. § 158(a). The standard of review with respect to issues of law is *de novo*. *In re Goerg*, 930 F.2d 1563, 1566 (11th Cir.1991). The Bankruptcy Court's findings of fact will only be set aside if clearly erroneous. *Id.; accord In re Arndt*, 201 B.R. 853, 857 (M.D.Fla.1996).

## II. *Discussion*

The McDermotts filed three things with the Internal Revenue Service (IRS) on April 15, 1997, an Application for Automatic Extension of Time, their tax return for 1996, and $1,000. A first application for an extension to file a return is *automatically* granted for four months provided the application meets certain requirements (including use of the tax Form 4868, the time and place for filing the Form, and a proper estimate of the full amount of tax due). 26 CFR 1.6081–4(a)(2)–(4). The automatically extended due date for filing then became August 15, 1997. Although the debtors' Application for Extension represented that no (0) taxes were due, their tax return, which was filed simultaneously, showed a tax liability of $65,472. The McDermotts filed a Petition for Bankruptcy on May 4, 2000 (i.e., three years and two weeks after filing their tax returns), but less than three years before the automatically extended filing deadline. They then filed an adversary proceeding in their

Chapter 7 Bankruptcy to determine the dischargeability of their 1996 taxes.

The McDermotts claim that the Application for Extension was moot because their tax return was filed timely. They also argue that the application was not valid since it did not accurately identify the amount due. They further argue that the "due date" was the date the return was filed on April 15th since the extension turned out to be unnecessary. They contend here that more than three years had passed between the "due date" of April 15, 1997 and the filing of their bankruptcy on May 4, 2000, which they claim properly resulted in a discharge of their tax liability.

The Bankruptcy Court agreed, holding that:

1) The McDermotts' Application for Extension was moot and void because the extension was unnecessary since the return was timely filed;

2) The McDermotts' Application for Extension was also invalid because it failed to accurately set forth the amount of taxes due; and

3) The McDermotts were not estopped from asserting that the extension was invalid because they received no benefit from it.

*McDermott v. United States of America*, 2001 WL 1589617 (Bankr.M.D.Fla.). The United States of America appeals from the Bankruptcy Court's final judgment, which discharged the debtors' 1996 income tax obligation.

■ First, the Bankruptcy Judgment improperly relies upon the fact that the tax return was "filed" timely in order to conclude that the Application for Extension was moot and void as unnecessary. Pursuant to Section 523(a)(1) of the Bankruptcy Code, taxes are excepted from discharge if they are "for a taxable year

ending on or before the date of filing of the petition for which a return, if required, is *last due, including extensions,* after three years before the date of the filing of the petition."(Emphasis added.) For purposes of §§ 523(a)(1)(A), "the due date of the return is dispositive and the date the return is actually filed is immaterial" in determining whether a debtor's tax obligation is dischargeable. *In re Wood,* 78 B.R. 316, 320 (Bankr.M.D.Fla.1987)(Judge George L. Proctor), *aff'd* 866 F.2d 1367 (11th Cir.1989). The clear statutory language includes extensions without any qualifying terms for the type of extensions. It does not include only valid extensions, nor only fully used extensions, nor only necessary extensions, nor only extensions that the taxpayer benefitted from. The clear statutory language provides that the "lookback" period commences on the date the tax is "last due, including extensions"—not the date the return is filed if the extension was not used. The mere fact that an extension is not used does not make it void. Therefore, the three year "lookback" period for the dischargeability of a tax commenced on the date the tax return was "last due, including extensions" which was August 15, 1997 [1] and not the filing date of April 15, 1997.

Second, the Bankruptcy Court relied upon three cases for its conclusion that the debtors' Application for Extension was invalid for failing to properly set forth an estimate of taxes due. *United States v. Phillips,* 843 F.2d 438, 442–43 (11th Cir. 1988); *Crocker v. Commissioner,* 92 T.C. 899, 907, 1989 WL 45940 (1989); *Healy v. Commissioner,* T.C., Memo 1996–260 (1996). However, all three cases are distinguishable from the instant case in that they all involve the IRS having taken affirmative steps to deny the taxpayers' extensions. *See Hermann v. United States,* 221 B.R. 944, 948 (Bankr.N.D.Okla.1998)(distinguishing *Crocker); accord, In re Viego,* 224 B.R. 570 (Bankr.N.C.1997)(distinguishing *Crocker* to explain that in the context of a bankruptcy matter, even if the taxpayer did not comply with requirements of filing for extension, the IRS can still grant the extension). The *government,* not the taxpayer, in all three cases was asserting that the extensions *were invalid* and/or *void* to support its position that the taxpayers were liable for delinquency penalties. *Phillips,* 843 F.2d 438 (involving indictment for tax evasion, where taxpayer had not obtained, and government did not contend that they had obtained, an automatic extension); *Crocker,* 92 T.C. 899, 1989 WL 45940 (finding by Tax Court that government can properly void previously granted automatic extension where application was invalid for grossly failing to properly estimate tax liability); *Healy v. Commissioner,* T.C., Memo 1996–260 (holding that, as government had contended, taxpayer's applications for extension for 3 years were all invalid for failing to make bona fide attempt to base estimate on information reasonably available); *see also Kimball v. United States,* 2001 WL 260078 at *1–2 (Bankr.D.Mass.2001)(recognizing that *Crocker* "offers little guidance" since it "was silent as to the *taxpayer's* ability to void an extension [since it was] the IRS, not the taxpayer, [that] sought to void the extensions" in that case)(numerous citations omitted).

In *Kimball,* a very similar case where the extension gave an inaccurate estimate of no taxes due (when $42,000 was actually due), the bankruptcy court concluded that

---

1. The record is unclear as to whether one or two extensions were granted (extending the filing deadlines to August 15, 1997 and to October 15, 1997), but the parties agree that

it makes no difference since both extensions fall inside the three year lookback period (falling between May 4, 1997 and May 4, 2000, the bankruptcy filing date).

"only the IRS has the option to declare an extension void." *Id.* at *1 (numerous citations omitted). The court in *Kimball* dismissed the debtors' assertions that the extension had been invalid, that the tax liability fell outside the three year period, and that it was therefore dischargeable in bankruptcy.

In another very similar case, Judge Proctor held that even though the debtors' application for extension did not provide reasonable estimates of their tax liability, the IRS had never notified them that their extension was invalid, so the extension was not void, the "plaintiffs [debtors] cannot invalidate such extension" and the taxes, interest and penalties are nondischargeable. *Gidley v. United States*, 138 B.R. 298 (Bankr.M.D.Fla.1992). Here, the government never notified the McDermotts that their extension was invalid, nor has it ever asserted that the automatic extension is void/terminated/revoked, so the debtors cannot invalidate the extension. *Id.*

■ Moreover, the "mere fact that petitioners [taxpayers] underestimated their . . . tax liabilities, standing alone, does not cause their applications to be invalid and the automatic extensions to be void." *Crocker*, 92 T.C. 899, 1989 WL 45940; *accord Healy*, Memo 1996–260 ("The mere fact that a taxpayer underestimates his or her tax liability does not invalidate a Form 4868 or void an automatic extension."). So, even if a *court* considers the debtors' first *Application* for Extension to be *voidable* due to a failure to make a bona fide attempt at estimating the tax liability based on information reasonably available at the time of the application, it is only the *government* that may (or may not) at its discretion consider the automatically granted extension as ultimately *void, terminated* or *revoked.* Contrary to the Bankruptcy Court's holding, therefore, this Court concludes that the extension, which was automatically granted, and which the government continues to approve, is not invalid nor voided by the mere fact that the debtors' application inaccurately estimated their tax liability.

Third, the Bankruptcy Court concluded that the debtors are not estopped from challenging the validity of the extension because they did not "benefit" from it, since their return was filed timely on the same day. The Bankruptcy Court distinguished *Gidley v. United States*, 138 B.R. 298 (Bankr.M.D.Fla.1992) on the basis that the debtors in that case benefitted from the extension, whereas the debtors here did not benefit from it. Even if the extension turned out to be unnecessary and they did not benefit from the *extension* itself, this Court finds that the debtors would benefit considerably now from a declaration that their sham *application* for extension was invalid for not complying with the proper estimate requirement. *Brustman v. United States*, 217 B.R. 828 (Bankr.C.D.Cal.1997)(holding taxpayer could not raise his own noncompliance with requirements for obtaining extension in order to assert that extension granted was void, to attempt to discharge tax liability through bankruptcy). It would be unfair to allow them to benefit from circumstances driven by their own blatant noncompliance with the IRS regulations for seeking extensions.

A "taxpayer cannot now step forward to make the self-serving admission of a fraud in estimating his tax liability, and thereby void the automatic extension [and] . . . under IRS regulations, the application for extension is terminable, not void, at the discretion of the IRS, not the taxpayer." *Kimball*, 2001 WL 260078 (citations omitted). "It would be inequitable to allow a taxpayer to estimate a tax liability in order to obtain an extension and then claim that

the extension was wrong for the self-serving purpose of discharging liability." *Id.*

Accordingly, based on all three conclusions of law which differ from the Bankruptcy Court's conclusions, the Bankruptcy Court's final judgment that determined that the debtors' 1996 income tax obligation was discharged in bankruptcy is **REVERSED**. This case is **REMANDED** for further proceedings consistent with this Opinion. The Clerk is directed to close this file.