GRAHAM, District Judge, dissenting:
The court creates an exception to the rule of grand jury secrecy, doing so on the assertion that the rationale for secrecy erodes over time. The exception appears to be limited to matters fitting two main criteria: enough time has elapsed for the *716 parties to the event to have died and enough present-day authority considers the event to be of exceptional historical significance. The court states that the test for historical significance is objective but leaves the test open-ended. The court provides little guidance for the analysis except to say that historical significance requires more than an interested journalist, curious public or concerned friend or family member.
I disagree with the majority on several fronts. I believe that judges should not be so bold as to grant themselves the authority to decide that the historical significance exception should exist and what the criteria should be. I agree with the dissent of Judge Sykes in Carlson v. United States , 837 F.3d 753, 767 (7th Cir. 2016) (Sykes, J., dissenting), and would hold that Rule 6(e) of the Federal Rules of Criminal Procedure limits a district court's authority to order the disclosure of grand jury records. Rule 6(e)(3) codifies the policy choices made about which exceptions should be recognized. Nothing analogous to a historical significance exception can be found there.
The court relies on Hastings to sanction a broader exercise of judicial power than the decision's narrow holding supports. Hastings permitted an exception to grand jury secrecy for a judicial investigating committee. It found the situation to be "closely akin" to the Rule 6(e)(3)(E)(i) exception for judicial proceedings. In re Petition to Inspect & Copy Grand Jury Materials (Hastings) , 735 F.2d 1261, 1272 (11th Cir. 1984). An exception for matters of historical significance bears no resemblance to an exception which applies "to assist in preparation or conduct of a judicial proceeding." United States v. Baggot , 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983).
But even if a district court has inherent authority to order disclosure outside of Rule 6(e), I do not believe it should be exercised in this case. The rule of grand jury secrecy serves many interests, including "assur[ing] that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." Douglas Oil Co. of Cal. v. Petrol Stops Nw. , 441 U.S. 211, 219, 99 S.Ct. 1667, 1673, 60 L.Ed.2d 156 (1979). This case presses the matter further, both in time and scope. Do subsequent generations-the children, grandchildren and beyond-of not only the suspects but also the grand jury witnesses and grand jurors themselves have reputational interests that warrant protection?
Because "secrecy of the grand jury is sacrosanct," United States v. Phillips , 843 F.2d 438, 441 (11th Cir. 1988), and because disclosure of grand jury material is prohibited "except in the limited circumstances provided for in Rule 6(e)(3)," United States v. Aisenberg , 358 F.3d 1327, 1347 (11th Cir. 2004), the rule of secrecy, as codified in Rule 6(e)(3), has always applied to protect the interests of subsequent generations.
Disclosure of grand jury records should not be permitted without an exacting review which gives due weight to the privacy and reputational interests at stake. It is troubling that the court has authorized disclosure of the records without examining their contents.[1] It is troubling too that the government has elected not to contest the proposition that there is no interest to be served in continued secrecy.
That an event has exceptional historical significance cuts both ways. With the principal parties having passed away and the investigation gone cold, one might conclude the matter is stale and the need for *717 secrecy over. Yet, exceptional significance suggests a continued interest in, and impact from, the event. The Moore's Ford Lynching played a part in the civil rights movement and interest remains very much alive, particularly among members of the community affected by the event. The depth of their interest is illustrated by the Moore's Ford Memorial Committee, which has advocated for racial justice and held events memorializing the victims over the past two decades. The Committee has placed grave markers for the victims and a historical marker near the site of the lynching. A member of the Committee and a granddaughter of one the victims attended oral argument in this appeal. Community members organize an annual reenactment in honor of the victims. They still search for justice.
The vitality of the community's continued interest raises possible repercussions for the living descendants and relatives of those individuals whom the grand jury records will identify as being suspects, witnesses and grand jurors. The modern public rightly views the lynching and failure to indict as a horrific injustice, and many perceive it to have been the work of the Ku Klux Klan. Would knowing that grand jury records could someday be disclosed and affect the standing of a child or grandchild in the community deter a grand jury witness from fully telling the truth? Could the conduct of a witness or grand juror involved in an event that is viewed at the time as momentous or sensational be influenced by a concern for their own legacy among future generations?
I would hold that the reputational interests protected by Rule 6(e) include those of subsequent generations. I am unable to dismiss the reputational harm that could occur to a living person if the grand jury transcripts reveal that their parent or grandparent was a suspect, a witness who equivocated or was uncooperative, a member of the grand jury which refused to indict, or a person whose name was identified as a Klan member.
Accordingly, I dissent and would reverse the district court's order. At a minimum this court should provide protections to limit the harm its newly-created exception to grand jury secrecy could cause. The court should, for example, instruct the district court on remand to examine the grand jury records, with the assistance of the government, and to protect discernible reputational interests by taking measures such as redacting names and other identifying information.

The grand jury records were not made a part of the record before the court.